# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| UNITED STATES | ) | No. ACM 40092 |
| *Appellee* | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Calvin M. COOPER | ) | |
| Airman First Class (E-3) | ) | |
| U.S. Air Force | ) | |
| *Appellant* | ) | Panel 1 |

On 3 February 2021, Appellant was convicted by a general court-martial at Kirtland Air Force Base (AFB), New Mexico, contrary to his pleas, of one specification of operating a vehicle in a wanton manner, in violation of Article 113, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 913; one specification of involuntary manslaughter by culpable negligence, in violation of Article 119, UCMJ, 10 U.S.C. § 919; and one specification of negligent homicide, in violation of Article 134, UCMJ, 10 U.S.C. § 934.[*]

During Appellant's court-martial, Prosecution Exhibit 9 was admitted into evidence. Trial counsel described the exhibit as follows: "Prosecution Exhibit 9 for identification is a 16-page document, undated. These are scene photos. The first page is titled as 'Explicit.'" Trial defense counsel did not oppose admission.

Appellate Exhibit CXI, dated 17 February 2021, is an order by the military judge sealing certain documents in Appellant's court-martial, including Prosecution Exhibit 9.

Upon this court's review of the record, we noted a conflict between the description provided by the trial counsel and Prosecution Exhibit 9 in the record filed with the court. Prosecution Exhibit 9 appears to be a four-page document, with footers on each page stating, "Page 1 of 4" through "Page 4 of 4." Additionally, contrary to the representations by trial counsel, there is no marking of "Explicit" on the first page. Thus, it appeared that the record of trial did not contain a proper version of Prosecution Exhibit 9. *See* Rule for Courts-Martial (R.C.M.) 1112(b)(6).

On 14 April 2022, this Court ordered the Government to show good cause as to "why this court should not remand this record for correction." On 26 April

---

[*] All references in this order to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

2022, the Government responded stating the Air Force Appellate Operation Division (JAJG) "cannot confirm the accurate contents of Prosecution Exhibit 9 from its own copy of the record and cannot access the original copy of the record maintained at Kirtland AFB due to geographic distance." The Government acknowledged that "[g]iven the sensitivities of dealing with sealed materials, correcting the record would prove very difficult without a remand and military judge involvement. Thus, this case should be sent back to the military judge to correct the record of trial, in accordance with R.C.M. 1112(d)."

Additionally, on 27 April 2022, in a "Consent Motion for Leave to File Motion to Remand for Correction Under R.C.M. 1112(d)," the Government advised this court that "pages from Appellate Exhibit LIX—a defense motion to compel the production of an expert consultant—are also missing from the Record of Trial. Specifically, the four listed attachments to this defense motion are missing." The Government requests any remand order from this court require correction of Appellate Exhibit LIX; Appellant consents to this motion.

R.C.M. 1112(d) provides for correction of a record of trial found to be incomplete or defective after authentication. R.C.M. 1112(d)(2)–(3) describes the procedure for the military judge to take corrective action for an incomplete record. The court notes that R.C.M. 1112(d)(2) requires notice and opportunity for the parties to examine and respond to the proposed correction.

Accordingly, it is by the court on this 28th day of April, 2022,

**ORDERED:**

The record of trial in Appellant's case is returned to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) to account for the complete and correct version of Prosecution Exhibit 9, complete version of Appellate Exhibit LIX, and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

The record of trial will be returned to the court not later than **31 May 2022**. If the record cannot be returned to the court by that date, the Government will

inform the court in writing not later than 26 May 2022 of the status of the Government's compliance with this order.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court